■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SACASA, Appellant. [626 NYS2d 206] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 18, 1993, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stabbed the victim in the neck on January 17, 1991, and then fled. He was located and arrested for this assault in December of 1991. Because the detective that was assigned to this matter searched for but could not locate the defendant and was told by someone that knew the defendant that the defendant had left New York State, the pre-arrest delay did not deprive the defendant of due process because the investigation was conducted in good faith and there was no evidence of dilatory tactics by the People *(see, People v Applewaite,* 192 AD2d 616, 617; *People v Rosado,* 166 AD2d 544).

The attending surgeon's testimony that the puncture wound to the victim's neck created a substantial risk that the victim could have hemorrhaged and died was adequate to support a determination that the knife wound constituted serious physical injury *(see, People v Ross,* 125 AD2d 422). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.