THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN IRWIN, Appellant. [774 NYS2d 237]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered December 19, 2001. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (three counts), criminal possession of a weapon in the third degree, intimidating a witness in the first degree and intimidating a witness in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, three counts of assault in the first degree (Penal Law § 120.10 [1]-[3]) for stabbing the victim

in the left arm and right hand. We reject defendant's contention that the evidence is legally insufficient to establish the element of serious physical injury. Viewing the evidence in the light most favorable to the People (*see People v Thompson,* 72 NY2d 410, 413 [1988], *rearg denied* 73 NY2d 870 [1989]), and according the People the benefit of every favorable inference (*see People v Ford,* 66 NY2d 428, 437 [1985]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley,* 69 NY2d 490, 495 [1987]). Medical evidence established that, as a result of the stabbing, the victim lost two liters of blood before he was attended to by emergency medical personnel, and thus the jury could properly find that if the "injuries had been left untreated [the victim] could have bled to death" (*People v Jeanty,* 268 AD2d 675, 678 [2000], *lv denied* 94 NY2d 949 [2000]). Furthermore, the victim's wounds required surgery and, although the victim was unavailable to testify, photographs depicting the sutured wounds to the victim's arm and hand were admitted in evidence. We conclude that the jury could reasonably infer from that evidence that the sutured wounds resulted in permanent scars (*see generally People v Gagliardo,* 283 AD2d 964 [2001], *lv denied* 96 NY2d 901 [2001]). We have reviewed the contentions contained in defendant's pro se supplemental brief and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.