■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant. [832 NYS2d 180]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered April 27, 2005, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of six years and one year, respectively, unanimously affirmed.

The evidence was legally sufficient to establish that the victim suffered "serious physical injury" as a result of the assault (Penal Law § 10.00 [10]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), and according the People the benefit of every favorable inference (*see People v Ford*, 66 NY2d 428, 437 [1985]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

The evidence presented indicated that the victim suffered a stab wound to the back of the neck, causing him substantial blood loss which resulted in the victim being admitted to the intensive care unit of the hospital. He testified that, as a result of his wounds, he was confined to the hospital for a week, was later readmitted to the hospital because of complications associated with the wound, and was in excruciating pain for a substantial period of time after the assault. The evidence amply supported the jury's finding that the stab wound, if not immediately treated, was so severe as to create a substantial risk of death due to blood loss (*see People v Irwin*, 5 AD3d 1122 [2004], *lv denied* 3 NY3d 642 [2004]; *People v Mingo*, 1 AD3d 298 [2003], *lv denied* 2 NY3d 743 [2004]).

The court properly exercised its discretion in denying defendant's mistrial motions made on two occasions involving inadmissible testimony, since in each instance the court took appropriate action to minimize any prejudicial impact, and the evidence, when viewed in its appropriate context, was not highly prejudicial (*see People v Santiago*, 52 NY2d 865 [1981]). Concur—Tom, J.P., Mazzarelli, Williams, McGuire and Kavanagh, JJ.