■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADIRAH BROWN, Appellant. [898 NYS2d 908]—Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 6, 2008. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a nonjury trial of assault in the second degree (Penal Law § 120.05 [4]) and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that the evidence is legally insufficient to establish that the victim sustained a serious physical injury or that defendant acted recklessly. Because in moving for a trial order of dismissal defendant contended only that the evidence is legally insufficient to establish that she acted recklessly, she failed to preserve for our review that part of her contention with respect to serious physical injury (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that part of her contention is without merit (*see People v Irwin*, 5 AD3d 1122 [2004], *lv denied* 3 NY3d 642 [2004]; *People v Gagliardo*, 283 AD2d 964 [2001], *lv denied* 96 NY2d 901 [2001]; *People v Higgins*, 124 AD2d 966 [1986], *lv denied* 69 NY2d 828 [1987]). With respect to that part of defendant's contention that is preserved for our review, we conclude that the evidence is legally sufficient to establish that she acted recklessly, i.e., that she was "aware of and consciously disregard[ed] a substantial and unjustifiable risk that [her actions would cause serious physical injury to the victim, and that the risk was] of such nature and degree that disregard thereof constitute[d] a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]).

We reject the contention of defendant that she was deprived of a fair trial by prosecutorial misconduct. "Defendant failed to object to the prosecutor's cross-examination of defendant . . . ,

and thus failed to preserve for our review h[er] contentions concerning [that] alleged prosecutorial misconduct" (*People v Gibson*, 280 AD2d 903 [2001], *lv denied* 96 NY2d 862 [2001]; *see* CPL 470.05 [2]). In any event, with respect to those unpreserved contentions as well as the contentions that are preserved for our review, we conclude that any "improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Gonzalez*, 206 AD2d 946, 947 [1994], *lv denied* 84 NY2d 867 [1994]; *see People v Parks*, 120 AD2d 920, 921 [1986], *lv denied* 67 NY2d 1055 [1986]).

Also contrary to the contention of defendant, she was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant alleges that defense counsel was ineffective based, inter alia, on his failure to move to suppress certain evidence. Defendant failed to establish, however, that such a motion, if made, would have been successful (*see People v Peterson*, 19 AD3d 1015 [2005], *lv denied* 6 NY3d 851 [2006]; *People v Phelps*, 4 AD3d 863, 864 [2004], *lv denied* 2 NY3d 804 [2004]). With respect to defendant's remaining allegations of ineffective assistance of counsel, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*Baldi*, 54 NY2d at 147). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.