# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**461/10**
**KA 09-01460**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                                   MEMORANDUM AND ORDER

NADIRAH BROWN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

      Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 6, 2008. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree and endangering the welfare of a child. The judgment was affirmed by order of this Court entered April 30, 2010 in a memorandum decision (72 AD3d 1558), and defendant on September 10, 2010 was granted leave to appeal to the Court of Appeals from the order of this Court (15 NY3d 850), and the Court of Appeals on October 13, 2011 modified the order and remitted the case to this Court for further proceedings in accordance with the memorandum (17 NY3d 863).

      Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,

      It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

      Memorandum: In *People v Brown* (72 AD3d 1558), we previously affirmed the judgment convicting defendant following a bench trial of, inter alia, assault in the second degree (Penal Law § 120.05 [4]), i.e., reckless assault. We rejected defendant's contention that the evidence was legally insufficient to establish that she acted recklessly (*Brown*, 72 AD3d 1558), but the Court of Appeals determined that the evidence was legally insufficient with respect thereto and thus modified our order by reducing the assault conviction to assault in the third degree (§ 120.00 [3]), i.e., criminally negligent assault. The Court of Appeals remitted the case to this Court for consideration of defendant's further contention that the verdict with respect to the assault count was against the weight of the evidence (*Brown*, 17 NY3d 863, 865-866).

      Upon remittitur, and viewing the evidence in light of the

elements of the crime in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to assault, as modified by the Court of Appeals, is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The evidence includes the testimony of the victim and his sister, who testified that defendant had placed a pot of water on the stove to "boil some eggs."  They also testified that defendant later took the pot of water off the stove and poured it onto the victim, causing steam to rise from his shirt and scalding one of his arms, and his chest and back.  The medical expert testimony establishes that the victim suffered first and second degree burns over approximately 15% of his body.  Although defendant gave a slightly different version of the facts and thus "an acquittal would not have been unreasonable" (*Danielson*, 9 NY3d at 348), we conclude that, "[b]ased on the weight of the credible evidence," defendant is guilty of criminally negligent assault beyond a reasonable doubt (*id.; see People v Romero*, 7 NY3d 633, 642-644).

Entered:  December 30, 2011                        Frances E. Cafarell
                                                   Clerk of the Court