THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO ROIZ, Appellant. [956 NYS2d 182]

The defendant's challenge to the legal sufficiency of the evidence supporting the conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the

testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant received the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152, 156 [2005]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Taberas*, 60 AD3d 791, 793 [2009]).

The defendant's contention that the sentence imposed penalized him for exercising his right to trial is unpreserved for appellate review (*see People v Osorio*, 49 AD3d 562, 564 [2008]; *People v Hargroves*, 27 AD3d 765 [2006]), and, in any event, is without merit (*see People v Ramos*, 74 AD3d 991, 992 [2010]; *People v Hargroves*, 27 AD3d at 766). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.