■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN I. COHEN, Appellant. [998 NYS2d 408]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered December 7, 2010, convicting him of grand larceny in the second degree, grand larceny in the third degree (11 counts), criminal possession of forgery devices (3 counts), attempted grand larceny in the third degree (1 count), scheme to defraud in the first degree (1 count), forgery in the third degree (10 counts), criminal possession of a forged instrument in the third degree (8 counts), and criminal impersonation in the second degree (2 counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of the defendant's statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his statement to law enforcement officials should have been suppressed because it was taken in violation of his right to counsel. However, when the defendant gave his statement, he was in custody in connection with the instant matter, for which he was not then represented by counsel, and the instant matter was unrelated to charges pending in connection with another matter, with respect to which he was represented. Therefore, the defendant could validly waive his right to counsel with respect to the instant matter (*see People v Lopez*, 16 NY3d 375, 384 [2011]; *People v Burdo*, 91 NY2d 146 [1997]; *People v Bing*, 76 NY2d 331 [1990]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The defendant contends that his convictions of grand larceny in the second degree and grand larceny in the third degree were against the weight of the evidence. Contrary to this contention, upon reviewing the record here, we are satisfied that the verdicts of guilt as to those crimes were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Hall, Austin and Barros, JJ., concur.