■ The People of the State of New York, Respondent, v Jamal Wilson, Appellant. [999 NYS2d 412]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered December 20, 2007, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, and order, same court and Justice, entered on or about March 8, 2010, which denied defendant's motion to vacate the judgment, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. There was extensive evidence of defendant's guilt, including eyewitness testimony and the presence of the victim's blood on defendant's clothing.

Defendant did not preserve his challenge to a witness's testimony that fear was the cause of her long delay in revealing that she was able to identify defendant, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. "It was necessary and proper for the District Attorney to elicit the reason in the witness' mind for [her] conduct" (*People v Buchalter*, 289 NY 181, 202 [1942]; *see also People v Howard*, 7 AD3d 314 [1st Dept 2004], *lv denied* 3 NY3d 675 [2004]; *People v Wortherly*, 68 AD2d 158, 163-164 [1st Dept 1979]). The witness expressed only a generalized fear, and there was no implied connection to defendant. There is no merit to defendant's arguments that this testimony constituted either improper "bolstering," or impeachment by the People of their own witness. Even if a limiting instruction might have been appropriate, defendant made no such request, and he may have had strategic reasons to avoid highlighting this evidence.

Defendant's challenges to the People's summation, and his claim that the Medical Examiner's testimony violated his right

of confrontation, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

The court properly denied defendant's CPL 440.10 motion, which raised record-based evidentiary issues, as procedurally defective.

Defendant's pro se claim that his counsel rendered ineffective assistance is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record concerning counsel's decisions (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Since the CPL 440.10 motion raised entirely different issues, the merits of the ineffectiveness claim may not be addressed on this appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining pro se claim is waived and unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Concur—Sweeny, J.P., Andrias, Saxe, DeGrasse and Gische, JJ.