◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADESH NANAND, Appellant. [26 NYS3d 585]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered August 16, 2013, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted, upon a jury verdict, of assault in the first degree in connection with his assault of the complainant, his former girlfriend, in October 2007. At trial, the complainant testified that, more than one year before the October 2007 incident, she had abruptly moved out of the apartment she shared with the defendant because he had physically assaulted her. She further testified that she subsequently moved to Georgia, and had returned to New York

to visit her sick mother one day before the subject attack. The complainant testified that, on the evening of October 30, 2007, she walked to a park in Queens with the defendant to discuss their past relationship, and, when she told him that she would not resume a relationship with him, he held her from behind, slashed her neck, and left her as she was bleeding profusely. The complainant testified that, although she remembered trying to get out of the park, she could not remember what happened thereafter until she awoke in an ambulance. The complainant also testified that, sometime after the assault, the defendant had called her and told her, "I thought I fucking killed you."

At trial, the People also offered the testimony of a homeowner who lived across from the park. The homeowner testified that, on the day at issue, the complainant, who was a stranger to him, came to his home, and that she was bleeding profusely, crying for help, and repeating, "My boyfriend." The homeowner testified that he called 911 and an ambulance and the police came. Another police officer came later in the evening to speak to him.

The doctor who treated the complainant in the hospital emergency room also testified on behalf of the People. The doctor testified that the complainant's right common carotid artery had been almost completely severed, that the complainant underwent emergency surgery, and that without medical treatment, it was highly likely the complainant would have died. The complainant had visible scars on the right side of her neck at trial, and she testified that she could not sleep through the night, woke up unable to breathe, had difficulty lifting on her right side, and felt a stinging sensation and her arm "lock[ed] off" when out in the cold.

The defendant did not testify but offered the testimony of two witnesses: a doctor who testified that certain scratches on the complainant's neck were consistent with self-inflicted injuries, and a police officer who testified that earrings that the complainant had worn the day of the incident were found in the park on the ground in or near a pool of blood and were later inadvertently disposed of by the police department. No testing had been performed on the earrings. On summation, defense counsel argued that the complainant's injuries were self-inflicted as a result of the defendant's refusal to get back together with her.

Thereafter, the jury found the defendant guilty of assault in the first degree. On appeal, the defendant raises a number of challenges in a pro se supplemental brief and through his counsel. For the reasons set forth below, we affirm.

The defendant's contention, raised in his pro se supplemental brief, that the evidence of serious physical injury adduced at trial was legally insufficient to support his conviction of assault in the first degree is unpreserved and, in any event, without merit (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). The complainant's testimony, coupled with the testimony of her physician and the witness who came to her aid immediately after the incident, constituted legally sufficient evidence that the complainant sustained serious physical injury within the meaning of Penal Law § 10.00 (10) (*see People v Jones*, 38 AD3d 352, 353 [2007]; *People v Sacasa*, 214 AD2d 688 [1995]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Lindsay*, 131 AD3d 625, 626 [2015]).

The defendant's pro se contention that the Supreme Court erred in permitting the People to introduce evidence of his prior acts of domestic abuse and threats against the complainant also is without merit. That evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant and as evidence of the defendant's motive and intent in the commission of the charged crimes (*see People v Molineux*, 168 NY 264, 293 [1901]; *People v Laverpool*, 52 AD3d 622, 622-623 [2008]; *People v Hanson*, 30 AD3d 537, 538 [2006]; *People v Howe*, 292 AD2d 542, 542 [2002]).

The defendant's pro se claim that the Supreme Court erred in failing to give a limiting instruction is unpreserved and, in any event, without merit (*see People v Petithomme*, 131 AD3d 877, 878 [2015]; *People v Wilson*, 123 AD3d 626, 626 [2014]). The defendant's remaining pro se contention likewise is without merit (*see People v Lopez*, 16 NY3d 375, 384 [2011]; *People v Cohen*, 123 AD3d 733, 734 [2014]).

The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during summation is partially unpreserved for appellate review since the defendant failed to object to many of the remarks he now challenges (*see* CPL 470.05 [2]; *People v Flanagan*, 132 AD3d 693, 694 [2015]). In any event, most of the challenged remarks were fair comment on the evidence and fair response to the arguments made by defense counsel in summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Willis*, 122 AD3d 950, 950 [2014]). To the extent that several of the prosecutor's remarks made during summation were improper,

those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless (*see People v Flanagan*, 132 AD3d at 694; *People v Roscher*, 114 AD3d 812, 813 [2014]; *People v Walston*, 196 AD2d 903, 904 [1993]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see People v Taylor*, 1 NY3d 174, 176 [2003]; *People v Williams*, 123 AD3d 1152, 1154 [2014]; *People v Brooks*, 89 AD3d 746 [2011]). The record reveals that defense counsel provided meaningful representation (*see People v Taylor*, 1 NY3d at 176; *People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Williams*, 123 AD3d at 1154).

The defendant's contention that the sentence imposed penalized him for exercising his right to trial is unpreserved for appellate review and, in any event, without merit (*see People v Roiz*, 101 AD3d 1048, 1049 [2012]; *People v Ramos*, 74 AD3d 991, 992 [2010]). Moreover, the sentence imposed was not excessive (*see People v Roiz*, 101 AD3d at 1049; *People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Hall, Roman and Duffy, JJ., concur.