THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KONSTANTIN RUDENKO, Appellant. [54 NYS3d 597]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered May 15, 2014, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence of serious physical injury adduced at trial was legally insufficient to support his conviction of assault in the first degree. However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the complainant sustained a "serious physical injury" within the meaning of Penal Law § 10.00 (10). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt on the count of assault in the first degree, including the serious physical injury element, was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). The medical evidence established that the complainant sustained two knife wounds, including a deep stab wound to the left anterior chest wall about three inches from his heart, and developed a hematoma in the muscle of his chest. The stab wound required stitches, and the complainant was admitted to the hospital for observation. Overnight, the hematoma expanded in the chest muscle, requiring the complainant to undergo an approximately 1½ hour surgery under general anesthesia, during which a drain was inserted in his chest. The People's medical expert testified that, if left untreated, the complainant could have died. At the time of trial, almost two years after the incident, the complainant still had scars from the stabbing, which he displayed to the jury (*see People v Almonte*, 7 AD3d 324, 325 [2004]; *People v Rodriguez*, 2 AD3d 284, 285 [2003]; *People v Rivera*, 300 AD2d 168, 168-169 [2002]; *People v Gagliardo*, 283 AD2d 964 [2001]; *People v Sacasa*, 214 AD2d 688 [1995]; *People v Ross*, 125 AD2d 422 [1986]; *cf. People v Adames*, 52 AD3d 617, 618 [2008]).

The defendant's contention that certain remarks made by

the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Guzman*, 138 AD3d 1140, 1140 [2016]; *People v Ramrattan*, 126 AD3d 1013, 1014 [2015]), were fair response to the defense summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Johnson*, 127 AD3d 1234, 1234 [2015]), or do not otherwise require reversal (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *cf. People v Ashwal*, 39 NY2d 105, 110-111 [1976]; *People v Rivera*, 128 AD3d 857, 858 [2015]).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.