People v McKenzie (2018 NY Slip Op 03910)





People v McKenzie


2018 NY Slip Op 03910


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


2257/12 6737 2312/12 6736

[*1]The People of the State of New York, Respondent,
v
Elvis McKenzie, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Daniel R. Lambright of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered January 20, 2015, as amended March 31, 2015, convicting defendant, after a jury trial, of assault in the first degree, robbery in the first degree (two counts), robbery in the second degree and attempted robbery in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.
We reject defendant's challenge to the sufficiency of the evidence supporting the serious physical injury element of the convictions relating to a robbery victim who was stabbed. The evidence, including expert medical testimony, established serious physical injury under the theory of creating a substantial risk of death (Penal Law § 10.00[10]). The attending physician testified that the three-inch cut behind the victim's ear, even though not deep, posed a substantial risk of death because of its very close proximity to the victim's carotid artery and jugular vein (see People v Jones, 38 AD3d 352 [1st Dept 2007], lv denied 9 NY3d 846 [2007]).
The court providently exercised its discretion in permitting the People to impeach one of the victims with his grand jury testimony that he had previously identified defendant at a lineup (see CPL 60.35[1]; People v Duncan, 46 NY2d 74, 80 [1978]). The victim testified at trial that he had seen the tall, slim robber who attacked him a thousand times in the neighborhood, but did not see his attacker in court, and he specifically testified that this was not due to his inability to recall defendant's appearance, but because he did not see "anybody [he] recognize[d]." This testimony, viewed in the context of his "flippant attitude" throughout his direct testimony, as noted by the court, and his apparent efforts to undermine the People's case, caused the kind of affirmative damage that permits impeachment of one's own witness (see People v De Jesus, 101 AD2d 111, 113-14 [1st Dept 1984], affd 64 NY2d 1126 [1985]; see also People v Bynum, 275 AD2d 251 [1st Dept 2000], lv denied 95 NY2d 961 [2000]).
The court also providently exercised its discretion in permitting the People to introduce two recorded phone calls defendant made while in custody awaiting trial. Neither call could be interpreted as referring to any uncharged bad acts, and any ambiguity as to whether they constituted admissions to the charged crimes went to the weight to be given the recordings, not their admissibility (People v Moore, 118 AD3d 916, 918 [2d Dept 2014], lv denied 24 NY3d 1086 [2014]; People v Frias, 250 AD2d 495, 496 [1st Dept 1998], lv denied 92 NY2d 982 [1998]). To the extent defendant is claiming that the calls contained hearsay, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.
In any event, any error either in permitting the impeachment of the prosecution's own witness or in receiving the recorded calls was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK