People v Rodriguez (2019 NY Slip Op 06418)





People v Rodriguez


2019 NY Slip Op 06418


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-05908
 (Ind. No. 3085/14)

[*1]The People of the State of New York, respondent,
v Luis Rodriguez, appellant.


Paul Skip Laisure, New York, NY (Iskuhi Grigoryev of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Kathryn A.A. O'Neill of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered May 23, 2016, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a weapon in the second degree arising from a traffic stop in Queens.
The defendant's contention that certain remarks made by the prosecutor in summation deprived him of a fair trial is unpreserved for appellate review, since the defendant either did not object to the remarks, made only a general objection, or failed to request further curative relief when his objections were sustained (see CPL 470.05[2]; People v Barrett, 159 AD3d 1018, 1018-1019; People v Beer, 146 AD3d 895, 897; People v Guzman, 138 AD3d 1140). In any event, the contention is without merit, as the remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defense summation, permissible rhetorical comment, or do not otherwise require reversal (see People v Taylor, 159 AD3d 734, 735; People v Kaval, 154 AD3d 875, 876; People v Carter, 152 AD3d 786; People v Rudenko, 151 AD3d 1084, 1085).
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court