People v Haridat (2020 NY Slip Op 02937)





People v Haridat


2020 NY Slip Op 02937


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-06017
 (Ind. No. 1537/14)

[*1]The People of the State of New York, respondent,
v
Ritchie S. Haridat, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered May 25, 2017, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 12 years, to be followed by a 2½ year period of post-release supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 12 years, to be followed by a 2½ year period of post-release supervision, to a determinate term of imprisonment of 7 years, to be followed by a 2½ year period of post-release supervision; as so modified, the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the fact finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see id. at 644).
Viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during summation is without merit. The prosecutor's comments either were fair comment on the evidence and the reasonable inferences to be drawn therefrom, constituted a fair response to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Ashwal, 39 NY2d 105, 109-110; People v King, 144 AD3d [*2]1176, 1176-1177; People v Nanand, 137 AD3d 945, 947-948).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court