■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO RODRIGUEZ, Also Known as CARLOS CASTRO, Appellant.

We find no basis to disturb the determination of the hearing court that neither the photographic nor lineup identification was the result of unduly suggestive procedures (see, People v Norris, 122 AD2d 82, lv denied 68 NY2d 916; People v Prochilo, 41 NY2d 759). In addition, the court properly found that the testimony adduced at the hearing established that the victim had an independent basis for the in-court identification based upon his close scrutiny of the defendant during the commission of the crime (see, People v Adams, 53 NY2d 241; People v Friday, 114 AD2d 970; People v Hall, 81 AD2d 644).

The defendant failed to preserve his claims of prosecutorial misconduct on summation for appellate review and we find that they do not warrant reversal as a matter of discretion in the interest of justice (see, CPL 470.05 [2]; 470.15 [6] [a]). The prosecutor's comments regarding the credibility of the chief prosecution witness were in direct response to defense counsel's comments questioning the integrity of that witness (see, People v Hayes, 116 AD2d 737, lv denied 67 NY2d 884; People v Gilmore, 106 AD2d 399, 401). Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.