■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered May 7, 1985, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's objection to the court's alibi charge is raised for the first time on appeal; thus his claim of error is not preserved for appellate review as a matter of law (see, People v Ko, 133 AD2d 850), and it does not warrant reversal as a matter of discretion in the interest of justice. In any event, in light of the court's extensive emphasis throughout the charge that the People have the burden of proving the defendant guilty and disproving the alibi beyond a reasonable doubt, and reading the court's charge as a whole, the court's misstatement that if the jury considered the alibi "unproven" it was to disregard it did not improperly shift the burden of proof to the extent that defendant was unduly prejudiced (see, People v Canty, 60 NY2d 830).

Finally the defendant's contention that his sentence is excessive is without merit (see, People v Suitte, 90 AD2d 80). Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.