■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT JONES, Also Known as GREGORY JONES, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered March 1, 1988, convicting him of robbery in the first degree, grand larceny in the third degree, criminal possession of stolen property in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court's isolated query "Who speaks the truth? This is a question for you to decide", delivered at the end of its charge impermissibly shifted the burden of proof to him. The defense counsel took no exception to the charge as given and, thus, this claim of error is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Contes,* 60 NY2d 620, 621; *People v Cadorette,* 56 NY2d 1007, 1009). In any event, the court's charge viewed in its entirety adequately explained the concepts of reasonable doubt and the People's burden of proof and made it clear that the defendant bore no burden of proof *(see, People v Coleman,* 70 NY2d 817, 819; *People v Green,* 154 AD2d 616; *People v Burns,* 133 AD2d 642; *see also, People v Flecha,* 161 AD2d 116). Thus, the court's isolated remarks did not shift the burden of proof to the defendant. The jury hearing the whole charge was properly instructed as to the correct principles to be applied in reaching its verdict *(see, People v Canty,* 60 NY2d 830).

Equally without merit is the defendant's contention that his sentence is excessive *(see, People v Suitte,* 90 AD2d 80). In view of the crime for which the defendant stands convicted, the defendant's circumstances and the purpose of penal sanctions, the sentence imposed was entirely proper. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.