served for appellate review or are without merit. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD STROUD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 3, 1986, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined for the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 86, 94). Its determination should be accorded great weight on appeal and should not be disturbed on appeal unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit (see, CPL 470.05 [2]; People v Pavao, 59 NY2d 282, 292; People v Roberts, 163 AD2d 120; People v Wright, 112 AD2d 179, 180; cf., People v Brown, 157 AD2d 790, 791; see also, People v Duffy, 36 NY2d 258, 262-263, amended on other grounds 36 NY2d 857, cert denied 423 US 861). Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO TAFUR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered June 2, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant knowingly and unlawfully sold a narcotic drug to an undercover officer (see, Penal Law § 220.39 [1]). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be