■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WALSTON, Appellant. [602 NYS2d 152] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Brill, J.), both rendered April 15, 1991, convicting him of criminal possession of a weapon in the third degree, escape in the second degree, and resisting arrest (two counts) under Indictment No. 3544/90, upon a jury verdict, and criminal possession of a controlled substance in the fourth degree under Indictment No. 188/90, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The issue of the legal sufficiency of the evidence was not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the defendant claims that reversible error was committed by the prosecutor in his summation, when he improperly vouched for the credibility of the People's witnesses, and appealed to the financial interests of jurors as taxpayers. However, the remarks challenged on appeal were not objected to at trial, and thus this contention is unpre-

served for appellate review *(see,* CPL 470.05 [2]). In any event, the prosecutor's remarks regarding the credibility of the police officers constituted a fair response to the defense counsel's characterization of the People's case *(see, People v Brown,* 187 AD2d 723), and any error by the prosecutor in making reference to taxpayers' dollars was harmless in light of the overwhelming evidence of the defendant's guilt. *(see, People v Crimmins,* 36 NY2d 230, 241-242).

Further, the defendant's objection to the trial court's charge to the jury is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Contes,* 60 NY2d 620; *People v Jones,* 173 AD2d 487). In any event, upon viewing the charge in its entirety, we find that it properly instructed the jury as to the correct principles to be applied in reaching its verdict *(see, People v Jones, supra).*

Moreover, the defendant's sentences were not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.