■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER GRIFFITH, Appellant. [607 NYS2d 96] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered March 13, 1992, convicting him of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court's charge, viewed in its entirety, explained the concepts of reasonable doubt and the People's burden of proof and made it clear that the defendant bore no burden of proof *(see, People v Coleman,* 70 NY2d 817; *People v Canty,* 60 NY2d 830; *People v Simpson,* 178 AD2d 500). The trial court's statements at the end of its charge that "the essence of the jury system" and the "bottom line" are "you are looking for the truth, what actually happened" did not shift the burden of proof to the defendant *(see, People v Jones,* 173 AD2d 487; *People v Graziano,* 151 AD2d 775).

Those of the defendant's claims of error which were preserved for appellate review concerning the prosecutor's statements during summation, were either fair comment on the evidence *(see, People v Ashwal,* 39 NY2d 105; *People v Moore,* 191 AD2d 591) or fair response to the defense counsel's summation *(see, People v Arce,* 42 NY2d 179; *People v Stanley,* 191 AD2d 732; *People v Moore,* 191 AD2d 591, *supra; People v Singleton,* 121 AD2d 752). Thompson, J. P., O'Brien, Ritter and Altman, JJ., concur.