■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY OLDS, Appellant. [635 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 12, 1993, convicting him of robbery in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the

prosecutor's comments during her summation and the trial court's charge to the jury impermissibly shifted the burden of proof. While the prosecutor advised the jurors, *inter alia,* that the only issue in this case was "who do you believe and whose story is most likely to be the most plausible," her remarks "did not improperly shift the burden of proof to the defense. Rather [her] comments [were] appropriate, given the * * * fundamental conflicts between the testimony of the [complainant] and the defendant, and [they were] entirely consistent with the defense counsel's focus on the issue of credibility during [his] summation" *(People v Thomas,* 186 AD2d 602, 603). Moreover, the court's charge, to which the defendant did not object, viewed in its entirety, adequately explained the concepts of reasonable doubt and the People's burden of proof and made it clear that the defendant bore no burden of proof *(see, People v Griffith,* 200 AD2d 760, 761; *People v Coleman,* 70 NY2d 817; *People v Canty,* 60 NY2d 830). The trial court's instructions that the jurors should "search in the evidence to find the truth" and "use [their] own experience in deciding where the truth lies" did not shift the burden of proof to the defendant *(see, People v Griffith, supra,* at 761; *People v Jones,* 173 AD2d 487).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.