■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCELOT MUNDLE, Appellant. [653 NYS2d 614] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered July 13, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent the defendant contends that the evidence supporting his conviction was legally insufficient, his claim is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

There is no merit to the defendant's contention that the verdict of guilt was against the weight of the evidence because the testimony of the undercover police officer, the only eyewitness to the transactions, was uncorroborated and contained several discrepancies. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the triers of fact, who saw and heard the witnesses (*see, People v Gaimari*, 176

NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed upon the defendant was not excessive (*see, People v Delgado*, 80 NY2d 780; *People v Suitte*, 90 AD2d 80). Thompson, J. P., Santucci, Friedmann and Luciano, JJ., concur.