■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURCHAM BROWN, Appellant. [689 NYS2d 652] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered February 19, 1998, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROWN, Appellant. [690 NYS2d 459] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTorella, J.), rendered September 23, 1997, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to support a finding that the People disproved the defense of agency and established the defendant's guilt beyond a reasonable doubt (*see, People v Ortiz,* 76 NY2d 446, 449; *People v Lam Lek Chong,* 45 NY2d 64, 75, *cert denied* 439 US 935; *People v Scott,* 134 AD2d 379, 380). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that the trial court erred in failing to grant his request for a missing witness inference (*see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424). That contention, however, is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.