■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URBAN S. ANDERSON, Appellant. [711 NYS2d 376] —Judgment unanimously affirmed. Memorandum: Defendant's contention that County Court should have precluded the in-court identification by the eyewitness for lack of notice pursuant to CPL 710.30 (1) (b) is not preserved for our review because defendant failed to move to preclude the evidence on that ground (see, CPL 470.05 [2]; People v Pagan, 248 AD2d 325, affd 93 NY2d 891). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). The further contention of defendant that the prosecutor's failure to provide Brady material denied him a fair trial is also unpreserved for our review (see, CPL 470.05 [2]). In any event, that contention lacks merit because defendant was aware of the exculpatory material and used it in cross-examining the eyewitness and during summation (see, People v Brown, 67 NY2d 555, 559, cert denied 479 US 1093). Finally, the contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation also is unpreserved for our review because defendant did not object to the allegedly inappropriate comments (see, People v Tonge, 93 NY2d 838, 839-840; People v Wright, 269 AD2d 831). In any event, the prosecutor's comments constituted fair response to defense counsel's summation (see, People v Robinson, 267 AD2d 981; People v Kidd, 265 AD2d 859, lv denied 94 NY2d 824) and "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (People v Galloway, 54 NY2d 396, 399). Contrary to defendant's contention, the prosecutor did not shift the burden of proof to the defense (see, People v Olds, 222 AD2d 531, 531-532, lv denied 88 NY2d 882). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Robbery,

2nd Degree.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.