■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME STALLONE, Appellant. [719 NYS2d 293] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered February 3, 1997, convicting him of robbery in the first degree, robbery in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally

insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [1]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contentions that the prosecutor's comments during summation were prejudicial are for the most part unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the challenged comments either constituted a fair response to the defense counsel's summation (*see, People v Galloway,* 54 NY2d 396) or were harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Walston,* 196 AD2d 903, 904).

The record does not support the defendant's contention that he was denied the effective assistance of counsel since it demonstrates that trial counsel rendered meaningful representation at all stages of the proceedings (*see, People v Ellis,* 81 NY2d 854, 856; *People v Baldi,* 54 NY2d 137, 147).

The defendant's further contention that it was error to make the sentence imposed on his conviction of reckless endangerment consecutive to the sentences imposed on his robbery convictions is without merit. The defendant's convictions for robbery were based on acts which were separate from those which resulted in his conviction for reckless endangerment. Thus, Penal Law § 70.25 does not require that concurrent sentences be imposed.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.