*782 Appeal by the defendant from a judgment of Supreme Court, Queens County (Lasak, J.), rendered July 28, 2008, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contentions, the prosecutor’s summation comments constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105 [1976]; People v Gouveia, 88 AD3d 814 [2011]) or a fair response to arguments and theories presented in the defense’s summation (see People v Galloway, 54 NY2d 396 [1981]; People v Gouveia, 88 AD3d 814 [2011]; People v Crawford, 54 AD3d 961 [2008]), or were harmless, as the evidence of the defendant’s guilt was overwhelming, and there is no significant probability that the allegedly improper comments contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Hill, 286 AD2d 777, 778 [2001]).
The defendant’s further contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim! ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]). Dillon, J.P., Dickerson, Austin and Miller, JJ, concur.