██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROSCHER, Appellant. [980 NYS2d 146]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered June 11, 2012, convicting him of robbery in the first degree, robbery in the second degree (two counts), assault in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People laid a proper foundation pursuant to CPL 60.25 for third-party testimony regarding a complainant's prior identification of the defendant. That complainant testified that he had previously identified the defendant to the police shortly after an incident on November 7, 2010, but was unable to identify him as of the time of the trial in April 2012, a year-and-a-half later. On cross-examination, the complainant acknowledged that he did not get a good look at the perpetrators of the crime. On redirect examination, he claimed that, although the defendant looked "a little bit" like his assailant, "I really don't remember." The complainant's testimony provided a sufficient basis for the Supreme Court's finding that he lacked present recollection of the defendant, and thus, third-party testimony as to the complainant's prior identification was admissible (*see* CPL 60.25; *People v Hernandez*, 154 AD2d 197 [1990]).

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the second degree and robbery in the second degree under Penal Law § 160.10 (2) (a) because it did not establish that the element of physical injury was satisfied with respect to one of the complainants is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d

342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during his opening statement and summation is mostly unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Barton*, 110 AD3d 1089, 1089 [2013]). In any event, most of the challenged remarks constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Bartolomeo*, 126 AD2d 375, 390 [1987]). To the extent that some of the prosecutor's remarks were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Barton*, 110 AD3d 1089 [2013]; *People v Washington*, 108 AD3d 781, 782 [2013]). Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.