Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered October 18, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court, upon affording the parties an opportunity to be heard on the *959 matter, did not improvidently exercise its discretion in permitting the jurors to take the subject gun into the deliberation room (see CPL 310.20 [1]; People v Ziminski, 34 AD3d 507 [2006]). The defendant failed to establish that the jury conducted an experiment, let alone an experiment not within the ken of everyday experience and knowledge concerning a material issue in the case (see People v Sturdivant, 6 AD3d 733 [2004]).
The defendant’s contention that certain remarks made by the prosecutor during summation constituted reversible error is unpreserved for appellate review. Defense counsel either did not object to the remarks at issue or made only a general one-word objection, and his motion for a mistrial, made after the completion of summations, was untimely (see People v Read, 97 AD3d 702 [2012]; People v Malave, 7 AD3d 542 [2004]). In any event, the contention is without merit. The remarks either were responsive to the defense’s summation, were permissible rhetorical comment, constituted fair comment on the evidence or the reasonable inferences to be drawn therefrom, or otherwise do not warrant reversal (see generally People v Halm, 81 NY2d 819 [1993]; People v Wright, 110 AD3d 836 [2013], lv denied 22 NY3d 1045 [2013]; Matter of State of New York v Colvin M., 110 AD3d 818 [2013]; Matter of State of New York v Carmelo M., 110 AD3d 818 [2013], lv denied 22 NY3d 859 [2014]). Mastro, J.P, Dickerson, Lott and Hinds-Radix, JJ., concur.