■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY WILLIS, Appellant. [997 NYS2d 472]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 2, 2012, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the exclusion of his two children, ages one and three, from the courtroom deprived him of his right to a public trial is without merit (*see People v Echevarria*, 21 NY3d 1 [2013]; *People v Henry*, 119 AD3d 607 [2014]; *People v Davis*, 43 AD3d 448 [2007]; *People v Santiago*, 277 AD2d 473 [2000]).

The defendant contends that he was deprived of his right to a fair trial as a result of various comments made by the prosecutor on summation. The contention that the prosecutor improperly encouraged inferences of guilt based on facts not in evidence (*see People v Fisher*, 18 NY3d 964 [2012]) is without merit, since the comments concerned permissible inferences to be drawn from the evidence (*see People v Tafur*, 174 AD2d 642 [1991]). The defendant's contentions that the prosecutor vouched for the truthfulness of police witnesses or bolstered their testimony, and shifted the burden of proof to the defense, are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Melendez*, 16 NY3d 869 [2011]), since the defendant objected on grounds other than those currently raised, and failed to move for a mistrial on the specific grounds he now asserts on appeal (*see People v Jorgensen*, 113 AD3d 793 [2014]). In any event, reversal is not warranted, as the prosecutor's remarks were fair

comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation challenging police testimony (*see People v Smith*, 64 AD3d 619 [2009]; *People v Morrison*, 59 AD3d 569 [2009]; *People v Rodriguez*, 207 AD2d 917 [1994]). Leventhal, J.P., Hall, Austin and Roman, JJ., concur.