THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FLANAGAN, Appellant. [17 NYS3d 178]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Cohen, J.), rendered July 15, 2013, convicting him of conspiracy in the sixth degree and official misconduct (two counts), upon a jury verdict, and imposing sentence. By decision and order on motion dated July 15, 2013, this Court, inter alia, granted the defendant's motion to stay execution of the judgment pending the hearing and determination of the appeal.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was charged with, inter alia, conspiracy in the sixth degree and two counts of official misconduct in con-

nection with alleged efforts made by certain members of the Nassau County Police Department, including the defendant, to "prevent the arrest" of Zachary Parker for the theft of certain property from his high school, due to Parker's father's connections in the police department. After a jury trial, the defendant was convicted of conspiracy in the sixth degree and official misconduct (two counts).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain comments made by the prosecutor during her opening statement and summation were improper and deprived him of a fair trial is unpreserved for appellate review, since the defendant either failed to object to the remarks he now challenges, made only a general one-word objection, or failed to request additional instructions when the trial court gave curative instructions, and his motion for a mistrial, made after the completion of summations, was untimely (*see* CPL 470.05 [2]; *People v Martin*, 116 AD3d 981 [2014]; *People v Allen*, 114 AD3d 958 [2014]). In any event, most of the challenged remarks were either fair comment upon the evidence, fair response to the arguments made by defense counsel in summation, or permissible rhetorical comment (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]). To the extent that some of the prosecutor's remarks made during her opening statement and summation were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Roscher*, 114 AD3d 812, 813 [2014]; *People v Walston*, 196 AD2d 903 [1993]).

The defendant also contends that he was deprived of the right to a fair trial by the admission of certain testimony

concerning an incident in which a vehicle driven by Parker was pulled over for speeding. However, since the defendant made no request to strike the contested testimony after the trial court ruled that further testimony regarding that incident was inadmissible, the defendant has abandoned this claim (*see People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Forte*, 70 AD3d 963, 964 [2010]; *People v Midura*, 54 AD3d 877 [2008]). In any event, any error in this regard did not deprive the defendant of a fair trial.

There is no merit to the defendant's contention that the Supreme Court erred in permitting the People to elicit hearsay testimony from a witness relating to an email sent by that witness concerning her belief that, among other things, members of the police department were "trying to bury the case," as that testimony was admissible under the "state-of-mind" exception to the hearsay rule (*see People v Leath*, 98 AD3d 690, 691 [2012]; *People v Boyd*, 256 AD2d 350 [1998]). The defendant's contention that the court erred in failing to issue a limiting instruction with respect to that testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Carrenard*, 56 AD3d 486, 487-488 [2008]). In any event, any error in this regard was harmless, since there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d at 241-242; *People v Banks*, 27 AD3d 953, 955 [2006]). Further, the defendant's contention that subsequent testimony from other witnesses concerning the subject email deprived him of the right to a fair trial is unpreserved for appellate review and, in any event, without merit.

The defendant's remaining contentions are without merit. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.