■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALEEK COLLINS, Appellant. [22 NYS3d 882]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered February 10, 2011, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed a fine in the sum of $1,000 upon the conviction of robbery in the second degree; as so modified, the judgment is affirmed.

The defendant argues on appeal that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during summation. This contention is unpreserved for appellate review since the defendant failed to object to the remarks he now challenges (*see* CPL 470.05 [2]; *People v Flanagan*, 132 AD3d 693, 694 [2015], *lv granted* 26 NY3d 1039 [2015]). In any event, most of the challenged remarks were fair comment on the evidence and fair response to the arguments made by defense counsel in summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Willis*, 122 AD3d 950, 950 [2014]). To the extent that some of the prosecutor's remarks made during her summation were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (*see People v Crim-*

*mins,* 36 NY2d 230, 241-242 [1975]; *People v Flanagan,* 132 AD3d at 694; *People v Roscher,* 114 AD3d 812, 813 [2014]; *People v Walston,* 196 AD2d 903 [1993]).

Defense counsel's failure to object to the improper comments made by the prosecutor on summation did not deprive the defendant of the effective assistance of counsel (*see People v Taylor,* 1 NY3d 174 [2003]; *People v Williams,* 123 AD3d 1152, 1154 [2014], *lv granted* 25 NY3d 1173 [2015]; *People v Brooks,* 89 AD3d 746 [2011]). The record reveals that defense counsel provided meaningful representation (*see People v Taylor,* 1 NY3d at 174; *People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Williams,* 123 AD3d at 1154).

The sentence was excessive to the extent indicated herein. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.