■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK KING, Appellant. [41 NYS3d 751]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered October 15, 2013, convicting him of attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree (two counts), reckless endangerment in the second degree, criminal possession of a weapon in the fourth degree, and unlawful possession of pistol ammunition (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court failed to conduct a sufficient inquiry before excusing potential jurors based upon hardship is unpreserved for appellate review (see People v King, 27 NY3d 147 [2016]; People v Bristol, 140 AD3d 781 [2016]; People v Marshall, 131 AD3d 1074 [2015]; People v Bruce, 130 AD3d 938 [2015]) and, in any event, is without merit (see People v Johnson, 116 AD3d 883 [2014]; People v King, 110 AD3d 1005, 1006 [2013]; People v Umana, 76 AD3d 1111, 1112 [2010]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of all charges beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The defendant's further contention that the verdict finding him guilty of attempted murder in the second degree, attempted assault in the first degree, and assault in the second degree while also finding him guilty of reckless endangerment in the second degree was inconsistent is unpreserved for appellate review. In any event, the verdict was not inconsistent because the charges pertained to different and separate actions by the defendant (see generally People v Trappier, 87 NY2d 55 [1995]).

The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during his opening statement and summation is unpreserved

for appellate review since the defendant failed to object to any of the remarks he now challenges (*see* CPL 470.05 [2]; *People v Flanagan*, 132 AD3d 693, 694 [2015]). In any event, most of the challenged remarks were either fair comment on the evidence and reasonable inferences to be drawn therefrom, or fair response to the arguments made by defense counsel in summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Nanand*, 137 AD3d 945, 947-948 [2016]; *People v Willis*, 122 AD3d 950, 950 [2014]). To the extent that several of the prosecutor's remarks made during summation were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless (*see People v Flanagan*, 132 AD3d at 694; *People v Roscher*, 114 AD3d 812, 813 [2014]; *People v Walston*, 196 AD2d 903, 904 [1993]).

Contrary to the contentions raised in the defendant's main brief and in points 1 through 3 of the defendant's pro se supplemental brief, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). We note that there can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that had little or no chance of success (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Moss*, 138 AD3d 761, 762 [2016]).

The arguments raised in point 4 of the defendant's pro se supplemental brief are based on evidence that is not part of the record on appeal, and therefore, those arguments cannot be addressed on direct appeal (*see generally People v Rohlehr*, 87 AD3d 603, 604 [2011]). The proper vehicle for addressing those claims is a CPL 440.10 motion, upon which matter outside the record can be considered (*see id.*). Eng, P.J., Austin, Roman and Cohen, JJ., concur.