■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROWN, Appellant. [55 NYS3d 295]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered October 27, 2015, convicting him of criminal possession of a weapon in the second degree (four counts)

and conspiracy in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial (*see* CPL 30.30). In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal action (*see* CPL 30.30 [1] [a]). Contrary to the defendant's contention, the period of time in question, 55 days, during which one of the witnesses was unavailable due to his illness and a recommendation from his doctor that he not travel to New York, was excludable as an exceptional circumstance (*see* CPL 30.30 [4] [g] [i]; *People v Zirpola*, 57 NY2d 706, 708 [1982]; *People v Alcequier*, 15 AD3d 162, 163 [2005]; *People v McLeod*, 281 AD2d 325, 327 [2001]; *People v Celestino*, 201 AD2d 91, 95 [1994]; *cf. People v Stanley*, 275 AD2d 423 [2000]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 376-377 [1974]) constituted a proper exercise of discretion, and did not deprive the defendant of the right to testify on his own behalf (*see People v Smith*, 18 NY3d 588, 594 [2012]; *People v Hayes*, 97 NY2d 203, 207-208 [2002]; *People v Manigat*, 136 AD3d 614, 615 [2016]; *People v White*, 60 AD3d 1095, 1096 [2009]; *People v McLaurin*, 33 AD3d 819, 820 [2006]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brown*, 262 AD2d 328, 329 [1999]) and, in any event, without merit. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.