Appeal by the defendant from a judgment of the County Court, Westchester County (Neary, J.), rendered November 19, 2014, convicting him of attempted robbery in the second degree, attempted grand larceny in the fourth degree, and assault in the second degree, upon a jury verdict, adjudicating him a youthful offender, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention that his convictions were not supported by legally sufficient evidence is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The County Court properly allowed testimony from police officers establishing that they were familiar with the defendant, as this evidence was relevant to the highly contested issue of identity and did not necessarily implicate the defendant in prior uncharged criminal conduct (see People v Bones, 52 AD3d 522, 522-523 [2008]; People v Reid, 259 AD2d 505, 506 [1999]).
 

 Furthermore, the County Court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) constituted a provident exercise of discretion, and did not deprive the defendant of the right to testify on his own behalf (see People v Smith, 18 NY3d 588, 594 [2012]; People v Hayes, 97 NY2d 203, 207-208 [2002]; People v Brown, 150 AD3d 871 [2017]; People v Manigat, 136 AD3d 614, 615 [2016]; People v White, 60 AD3d 1095, 1096 [2009]).
 

 The defendant’s contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during summation is unpreserved for appellate review, since the defendant failed to object to the remarks he now challenges (see CPL 470.05 [2]; People v Flanagan, 132 AD3d 693, 694 [2015], affd 28 NY3d 644 [2017]). In any event, most of the challenged remarks were fair comment on the evidence and fair response to the arguments made by defense counsel in summation (see People v Galloway, 54 NY2d 396, 399 [1981]; People v Nanand, 137 AD3d 945, 947 [2016]; People v Willis, 122 AD3d 950, 950 [2014]). To the extent that some of the prosecutor’s remarks made during summation were improper, those remarks did not deprive the defendant of a fair trial (see People v Nanand, 137 AD3d at 947-948; People v Roscher, 114 AD3d 812, 813 [2014]; People v Walston, 196 AD2d 903, 904 [1993]).
 

 The defendant’s contention that he was deprived of his right to confrontation and cross-examination of one of the People’s witnesses is based on matter dehors the record and not reviewable on direct appeal (see CPL 440.10; People v Boyce, 118 AD3d 1016, 1017 [2014]; People v Kirk, 96 AD3d 1354, 1359 [2012]).
 

 Leventhal, J.P., Chambers, Maltese and Duffy, JJ., concur.