People v Bragg (2018 NY Slip Op 03535)





People v Bragg


2018 NY Slip Op 03535


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-06128
 (Ind. No. 4096/14)

[*1]The People of the State of New York, respondent,
v
Anthony Bragg, appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey and Patterson Belknap Webb & Tyler LLP [Joshua A. Goldberg and Daniel A. Friedman], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and James H. Shih of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered June 26, 2015, as amended July 7, 2015, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant's contention that the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) deprived him of his constitutional right to a fair trial is unpreserved for appellate review, as he did not raise any constitutional challenge to the Sandoval ruling before the trial court (see CPL 470.05[2]; People v Wheelings, 137 AD3d 1310, 1311). In any event, the court's Sandoval ruling was not an improvident exercise of discretion. The court properly balanced the probative value of the defendant's prior convictions with respect to the issue of the defendant's credibility against the risk of unfair prejudice to the defendant (see People v Paige, 88 AD3d 912, 912; People v Celleri, 29 AD3d 707, 709).
The defendant's contention that certain comments made by the prosecutor during her opening statement and summation were improper and deprived him of a fair trial is unpreserved for appellate review, since the defendant either failed to object to the remarks he now challenges, or made only a general one-word objection and failed to either request additional instructions when the trial court gave curative instructions or move for a mistrial based on the sustained objection (see CPL 470.05[2]; People v Martin, 116 AD3d 981; People v Allen, 114 AD3d 958; People v Morel, 297 AD2d 757). In any event, the defendant's contention is without merit, as most of the remarks were either fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to the defendant's summation, or permissible rhetorical comment (see People v Young, 141 AD3d 551, 552; People v Martin, 116 AD3d at 982-983; People v Allen, 114 AD3d at 959). To the extent that some of the prosecutor's remarks made during her opening statement and summation were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless (see People v Crimmins, 36 NY2d 230, 241-242; People v Roscher, 114 AD3d 812, 813; People v Walston, 196 AD2d 903, 904).
At the request of the prosecutor, the Supreme Court precluded the defense counsel from arguing in her summation that the testimony of a detective that the defendant consented to provide a buccal swab of his DNA for testing demonstrated the defendant's consciousness of innocence. The defendant's contention on appeal that the preclusion of this summation argument deprived him of his constitutional right to present a defense is unpreserved for appellate review (see CPL 470.05[2]; People v Taylor, 40 AD3d 782, 783), and, in any event, without merit (see People v Ross, 56 AD3d 380, 380-381).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court