People v Abreu (2018 NY Slip Op 06759)





People v Abreu


2018 NY Slip Op 06759


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-01371
 (Ind. No. 8503/13)

[*1]The People of the State of New York, respondent,
v
William Abreu, appellant.


Talkin, Muccigrosso & Roberts, LLP, New York, NY (Sam Talkin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered November 29, 2016, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence. By decision and order on motion dated June 5, 2017, this Court, inter alia, granted the defendant's motion to continue the stay of execution of the judgment pending hearing and determination of the appeal.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50(5).
The defendant contends that certain remarks made by the prosecutor during summation deprived him of a fair trial and constituted reversible error because the prosecutor allegedly vouched for the credibility of the People's witnesses and referred to matters not in evidence. However, most of the challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110), or responsive to arguments presented in the defense summation (see People v Galloway, 54 NY2d 396, 399; People v Allen, 157 AD3d 810, 811). To the extent that any of the prosecutor's remarks were improper, the impact was alleviated by the Supreme Court's curative instructions or did not deprive the defendant of a fair trial (see People v Keizer, 157 AD3d 903, 905; People v Vaughan, 156 AD3d 826, 827; People v Perdomo, 154 AD3d 886, 887).
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court