People v Thomas (2019 NY Slip Op 00147)





People v Thomas


2019 NY Slip Op 00147


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12894
 (Ind. No. 245/14)

[*1]The People of the State of New York, respondent,
v
Richard Thomas, appellant.


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, Brooke E. Barnes, and Kathryn E. Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered December 5, 2016, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during his opening statement and summation is not preserved for appellate review (see CPL 470.05[2]). In any event, the challenged remarks were either fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Ashwal, 39 NY2d 105, 109-110), were responsive to arguments and theories presented in defense counsel's summation (see People v Gross, 88 AD3d 905, 906), or otherwise did not deprive the defendant of a fair trial (see People v Ashwal, 39 NY2d at 109-110; People v King, 144 AD3d 1176, 1176-1177).
The defendant's contention that certain testimony of the complainant and her husband was inflammatory and prejudicial is not preserved for appellate review (see CPL 470.05[2]). In any event, the challenged testimony was more probative than prejudicial and, therefore, was properly admitted into evidence (see People v Scarola, 71 NY2d 769; People v Alvino, 71 NY2d 233).
The defendant failed to preserve for appellate review his contention that the admission of certain DNA profiles and reports, as well as the testimony of the expert analyst, violated his Sixth Amendment right to confrontation (see CPL 470.05[2]). In any event, the contention is without merit. The Sixth Amendment to the United States Constitution guarantees a defendant the right to be " confronted with the witnesses against him [or her]'" (People v Brown, 13 NY3d 332, 338, quoting Crawford v Washington, 541 US 36, 53-54). "This provision bars admission of testimonial statements of a witness who did not appear at trial unless he [or she] was unavailable to testify, and the defendant . . . had a prior opportunity for cross-examination'" (People v Brown, 13 NY3d at 338, quoting Crawford v Washington, 541 US at 53-54).
Here, the DNA evidence was, at least in part, testimonial (see People v Austin, 30 NY3d 98, 104; People v John, 27 NY3d 294, 308). However, the expert analyst's testimony regarding his review and analysis of all of the case files indicated that he independently analyzed the raw data, as opposed to functioning as " a conduit for the conclusions of others'" (People v Austin, 30 NY3d at 105, quoting People v John, 27 NY3d at 315; see People v Velez, 164 AD3d 622; People v Webb, 163 AD3d 880, 881). Accordingly, we agree with the Supreme Court's determination to admit the DNA profiles and reports, and the expert analyst's testimony.
The defendant was not deprived of his right to the effective assistance of counsel. The record as a whole demonstrates that counsel provided the defendant with meaningful representation (see People v Caban, 5 NY3d 143; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
Finally, the defendant's contentions that the Supreme Court erroneously instructed the jury regarding testimony admitted under the excited utterance exception to the hearsay rule and regarding the prompt outcry exception to the hearsay rule are not preserved for appellate review (see CPL 470.05[2]), and, in any event, these contentions do not require reversal.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court