People v Silva (2019 NY Slip Op 06103)





People v Silva


2019 NY Slip Op 06103


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-10123
 (Ind. No. 7366/13)

[*1]The People of the State of New York, respondent,
v
Karl Silva, appellant.


Samuel K. F. Jones, Mt. Vernon, NY, for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered September 8, 2015, convicting him of assault in the first degree and intimidating a victim or witness in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions that certain comments made by the prosecutor during his opening statement and summation were improper and deprived him of a fair trial are unpreserved for appellate review. The defendant either failed to object, made only a general objection and failed to request additional instructions when the trial court gave curative instructions, or failed to move for a mistrial based on the sustained objection (see CPL 470.05[2]; People v Bragg, 161 AD3d 998; People v Martin, 116 AD3d 981, 982; People v Allen, 114 AD3d 958, 959). In any event, these contentions, as well as the remaining contentions, raised in the defendant's pro se supplemental brief,
are without merit.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court