People v Kirkland (2022 NY Slip Op 01808)





People v Kirkland


2022 NY Slip Op 01808


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-10699
 (Ind. No. 15-00868)

[*1]The People of the State of New York, respondent,
v
Tarence Kirkland, appellant.


Adam Seiden, Mount Vernon, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Christine DiSalvo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered September 1, 2017, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, two counts of criminal sale of a controlled substance in the third degree for allegedly selling cocaine to an undercover police detective on February 10, 2015, and February 18, 2015. At the jury trial, the undercover police detective identified the defendant as the person who sold cocaine to him on both occasions. The defendant argued that, given the circumstances of the underlying transactions, the undercover officer did not have sufficient opportunity to reliably identify the defendant. The defendant was convicted on both counts.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Specks, 140 AD2d 472). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Miles, 8 AD3d 758, 760; People v Mundle, 236 AD2d 425).
The testimony from the undercover police detective regarding his interactions with the defendant prior to the cocaine sales at issue was properly permitted at trial, as that evidence was relevant to the contested issue of identification, particularly the undercover officer's prior familiarity with the defendant (see People v Vaughan, 156 AD3d 826, 827; People v Bones, 52 AD3d 522; People v Torres, 19 AD3d 732, 734; People v Smith, 5 AD3d 291, 292; People v Julius, 300 AD2d [*2]167, 168; People v Cain, 193 AD2d 810, 810; People v Henry, 166 AD2d 720). Under the circumstances, the probative value of the evidence of the undercover detective's prior interactions with the defendant on the issue of identification outweighed its prejudicial effect (see People v Louis, 192 AD2d 558, 559). Moreover, the County Court limited the admission of that evidence so as to minimize its prejudicial effect (People v Vaughan, 156 AD3d at 827; People v Bones, 52 AD3d 522). The defendant's related contention that the court should have issued a limiting instruction with regard to the purpose for which this evidence was introduced is unpreserved for appellate review (see People v Farmer, 54 AD3d 871, 872), and, in any event, without merit.
The defendant's contention that the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) denied him due process and a fair trial is also without merit. "[A] criminal defendant who chooses to testify, like any other civil or criminal witness, may be cross-examined regarding prior crimes and bad acts that bear on credibility, veracity or honesty" (People v Hayes, 97 NY2d 203, 207; see People v Sandoval, 34 NY2d at 376). In determining a Sandoval motion to exclude prior crimes and bad acts for impeachment purposes, the court must determine whether the defendant has met his or her burden of establishing that the "prejudicial effect of the admission of evidence thereof for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (People v Sandoval, 34 NY2d at 378). A Sandoval determination rests largely within the sound discretion of the hearing court (see People v Hayes, 97 NY2d at 207).
Here, the County Court engaged in the requisite balancing of probative value against prejudicial effect with respect to each of the defendant's prior convictions, and reached an appropriate compromise ruling that excluded some convictions, admitted others, and precluded inquiry into the underlying facts of the defendant's prior felony conviction (see People v Walker, 141 AD3d 678). The court providently exercised its discretion in determining that the defendant failed to meet his burden of demonstrating that the prejudicial effect of the limited evidence of his prior convictions so outweighed the probative worth of that evidence on the issue of credibility that exclusion was warranted (see People v Townsend, 70 AD3d 982; see also People v Bennette, 56 NY2d 142, 147).
There is no merit to the defendant's contention that Penal Law § 70.06 is an ex post facto law as applied to him because his prior crime of rape in the second degree, which served as the predicate crime for his predicate felony sentence, was committed before the enactment of said statute (see People v Pendergrass, 115 AD2d 497). Nor is there merit to his argument that because his rape in the second degree conviction was rendered prior to that crime's designation as a violent felony, his enhanced sentence was therefore invalid (see People v Morse, 62 NY2d 205, 217). Contrary to the defendant's contention, "the increased punishment was inflicted for the present crime only and not as an additional penalty for the prior offense" (People v Pendergrass, 115 AD2d at 497; see People v Walker, 81 NY2d 661, 667).
Finally, the contentions raised by the defendant regarding his enhanced sentence (see Penal Law § 70.06[1][b][iv]), based upon the tolling provisions of Penal Law § 70.06(1)(b)(v), are unpreserved for appellate review (see CPL 470.05[2]; People v Jurgins, 26 NY3d 607, 612; see also People v Wright, 198 AD2d 249, 250). In any event, the defendant's contentions are without merit (see CPL 400.21[7]).
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court