■ The People of the State of New York, Respondent, v Jorge Rodriguez, Also Known as George Rodriguez, Appellant. [854 NYS2d 496]—

The County Court properly found the defendant to be a persistent violent felony offender based on his 1985 and 1996 convictions. The defendant is estopped from challenging his 1985 conviction because he did not challenge its constitutionality in 1996, when it served as the predicate for his sentencing as a second violent felony offender (*see* CPL 400.15 [8]; *People v Adelman,* 36 AD3d 926, 928 [2007]; *People v Mastropietro,* 198 AD2d 443, 443-444 [1993]). With respect to the 1996 conviction, the defendant contends that it cannot serve as a predicate because he was not advised that his guilty plea would subject him to mandatory, enhanced punishment upon his conviction of another violent felony. This contention is without merit. The possibility of enhanced punishment for a crime that may be committed in the future is a collateral consequence of the plea, and the court has no duty to inform the defendant of such a consequence (*see People v Ford,* 86 NY2d 397, 403 [1995]; *People v McGrath,* 43 NY2d 803, 804 [1977]; *People v Depeyster,* 115 AD2d 613 [1985]).

The defendant's remaining contentions are without merit. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.