■ The People of the State of New York, Respondent, v Jimmy Jacobs, Appellant. [894 NYS2d 908]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered February 8, 2007, convicting him of criminal possession of a weapon in the third degree (two counts), criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, his trial counsel provided meaningful representation (*see People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The defendant's contentions, raised in his supplemental pro se brief, that he was deprived of a fair trial by the People's failure to provide him with certain materials in violation of *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and by the People's delay in disclosing *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]) are unpreserved for appellate review, since the defendant did not seek any further relief in connection with the *Rosario* violation after the Supreme Court granted his request for an adverse inference charge, and did not raise his current claim regarding the alleged *Brady* violation in the Supreme Court. In any event, these contentions

are without merit. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.