■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINCIO FUHRTZ, Appellant. [997 NYS2d 488]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered November 7, 2012, convicting him of rape in the first degree and criminal sexual act in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gumbs*, 58 AD3d 641 [2009]; *People v Crawford*, 38 AD3d 680 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the de-

fendant's guilt of rape in the first degree and criminal sexual act in the first degree beyond a reasonable doubt (*see* Penal Law §§ 130.35 [1]; 130.50 [1]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that various questions posed by the prosecutor during cross-examination and certain remarks made by the prosecutor during his opening statement and summation deprived him of due process is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Edwards*, 118 AD3d 909 [2014]). In any event, the challenged cross-examination questions were not improper and the majority of the challenged remarks made during summation were responsive to arguments made by the defense or remained within the "broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399 [1981]; *see People v Thompson*, 118 AD3d 822 [2014]; *People v Burgos*, 97 AD3d 689 [2012]). Although the challenged remarks made during the opening statement and some of the challenged remarks made during summation were improper, they were either stricken by the Supreme Court, thereby limiting any resulting prejudice (*see generally People v Guay*, 72 AD3d 1201 [2010], *affd* 18 NY3d 16 [2011]), or were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Ward*, 106 AD3d 842 [2013]; *People v Persaud*, 98 AD3d 527 [2012]).

The defendant's contention that his trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Howard*, 120 AD3d 1259 [2014]). Balkin, J.P., Hall, Austin and Barros, JJ., concur.