■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MOSS, Appellant. [29 NYS3d 452]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered February 24, 2014, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention, raised in his main brief, that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. The evidence of the defendant's identity as the perpetrator of the subject burglaries, which included DNA evidence, although circumstantial and lacking in any positive identification by the complainants, established a prima facie case as to identity (*see People v Guzman*, 116 AD3d 790, 791 [2014]; *People v Dolan*, 2 AD3d 745, 746 [2003]). Contrary to the defendant's contention, the transcription errors contained in the reports of the People's expert regarding, among other things, the date of DNA testing of samples extracted from items found at the crime scenes, did not render the expert's testimony unreliable as a matter of law (*see People v Marino*, 99 AD3d 726, 730-731 [2012]).

Moreover, in fulfilling our responsibility to conduct an

independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention, raised in his main brief and points I and III of his pro se supplemental brief, that certain remarks made by the prosecutor during summation were improper is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Barcero*, 116 AD3d 1060, 1061 [2014]; *People v Barton*, 110 AD3d 1089, 1090 [2013]). In any event, this contention is without merit, as the prosecutor's remarks were either fair comment on the evidence or responsive to defense counsel's summation (*see People v Collins*, 135 AD3d 783 [2016]; *People v Willis*, 122 AD3d 950 [2014]; *People v Smith*, 64 AD3d 619, 620 [2009]). Contrary to the defendant's alternative contention, raised in his main brief and point IV of his pro se supplemental brief, he was not deprived of the effective assistance of counsel by his attorney's failure to raise specific objections to certain remarks made by the prosecutor during summation. There can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that had little or no chance of success (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Liu*, 131 AD3d 547, 548 [2015]; *People v Fuhrtz*, 123 AD3d 735, 736 [2014]; *People v Howard*, 120 AD3d 1259, 1260 [2014]).

The defendant's contention raised in point II of his pro se supplemental brief, relating to an alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]), is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Thompson*, 81 AD3d 670, 672 [2011], *affd* 22 NY3d 687 [2014]; *People v Jacobs*, 71 AD3d 693 [2010]) and, in any event, without merit (*see People v Mitchell*, 120 AD3d 1265, 1266 [2014]; *People v Tate*, 110 AD3d 1013, 1014 [2013]).

The defendant's contention, raised in his main brief, that he was improperly adjudicated a persistent violent felony offender is without merit (*see* Penal Law § 70.08 [1]). The defendant is estopped from challenging a 1994 conviction because he did not challenge its constitutionality in 2001, when it served as the predicate for his sentencing as a second violent felony offender (*see* CPL 400.15 [8]; 400.16 [2]; *People v Mitchell*, 117 AD3d 970 [2014]; *People v Albritton*, 69 AD3d 866, 867 [2010]; *People*

*v Rodriguez*, 49 AD3d 903, 904 [2008]). Additionally, after conducting a hearing, the Supreme Court properly found that the defendant failed to adduce proof sufficient to support his claim that a 2001 conviction was unconstitutionally obtained (*see People v Quinn*, 124 AD3d 916 [2015]; *People v Tocci*, 52 AD3d 541, 542 [2008]; *People v Williams*, 38 AD3d 576 [2007]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.