The People of the State of New York, Respondent,
against
Jessica Francis, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Raymond Rodriguez, J.), rendered July 1, 2014. The judgment convicted defendant, after a nonjury trial, of attempted petit larceny and attempted criminal possession of stolen property in the fifth degree. The appeal from the judgment of conviction brings up for review the denial by the same court (Curtis J. Farber, J.) on April 10, 2014 of defendant's motion to dismiss the prosecutor's information on the ground that defendant had been denied her statutory right to a speedy trial.




ORDERED that the judgment of conviction is affirmed.
On April 10, 2013, defendant was arraigned on a complaint containing eight counts, and the case was adjourned to May 28, 2013 for conversion. On May 13, 2013, the People filed an off-calendar statement of readiness along with an information which contained additional factual allegations. On May 28th, the case was adjourned to July 18, 2013 for discovery by stipulation. On July 18th, the case was adjourned to October 17, 2013 for trial. On October 17th, the People filed a superseding information, which contained additional factual allegations relating to a cell phone and charged the additional offenses of petit larceny and criminal possession of stolen property in the fifth degree. Supporting depositions were also filed. Also on October 17th, the People stated that they were not ready for trial because the arresting officer was on vacation, and they requested a six-day adjournment. The case was adjourned to December 12, 2013. On December 12th, the People stated that they were not ready for trial because the complaining witness was unavailable, and they requested an eight-day adjournment. The case was adjourned to February 11, 2014. On February 11th, the assistant district attorney stated that he was not ready for trial because the complainant had "brought in some documents yesterday that the People would like to look into, which I am turning over to defense counsel, as well as investigating further before we proceed with trial." He requested a one-week adjournment. The case was adjourned to March 5, 2014. On March 5th, defendant filed a motion to dismiss the superseding information on the ground that her statutory right to a speedy trial had been violated. A motion schedule was set, and the case was adjourned to April 10, 2014. On April 10th, the Criminal Court denied defendant's motion, finding that only 54 days of delay were chargeable to the People. The case was adjourned to May 28, 2014, for trial.[FN1]
On May 28th, the People filed a prosecutor's information charging defendant with eight counts. Following a nonjury trial, defendant was convicted of attempted petit larceny (Penal Law §§ 110.00, 155.25) and attempted criminal possession of stolen property in the fifth degree (Penal Law §§ 110.00, 165.40).

On appeal, defendant contends that the prosecutor's information is jurisdictionally defective; that the Criminal Court improperly denied her motion to dismiss the superseding [*2]information on statutory speedy trial grounds; that the judgment of conviction should be reversed due to Brady violations; that the evidence was legally insufficient; and that the verdict was against the weight of the evidence. Defendant further asserts that the certificate of disposition incorrectly states that she pleaded guilty to assault in the third degree and should be amended to reflect that, after a nonjury trial, she was convicted of attempted petit larceny and attempted criminal possession of stolen property in the fifth degree.

The facial sufficiency of a prosecutor's information is governed by CPL 100.40 (3), which provides that a prosecutor's information is "sufficient on its face when it substantially conforms to the requirements prescribed in section 100.35." However, since the prosecutor's information in the case at bar was filed at the District Attorney's discretion, pursuant to CPL 100.50 (2), the factual allegations of the accusatory instrument underlying it—the October 2013 superseding information—and any supporting deposition, must be facially sufficient pursuant to the standards set forth in CPL 100.40 (1) to support the charge(s) in the prosecutor's information (see CPL 170.35 [3] [b]). CPL 100.40 (1) provides that an information is sufficient on its face (1) if it substantially conforms to the requirements of CPL 100.15 (see CPL 100.40 [1] [a]), (2) if the factual allegations of the information (and/or any supporting depositions accompanying it) provide reasonable cause to believe that the defendant committed the offense(s) charged (see CPL 100.40 [1] [b]), and (3) if the nonhearsay allegations of the factual part of the information (and/or any supporting depositions accompanying it) establish, if true, every element of the offense(s) charged (see CPL 100.40 [1] [c]; 100.15 [3]; People v Inserra, 4 NY3d 30, 32 [2004]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see People v Casey, 95 NY2d 354 [2000]), and a claim of failing to meet these requirements may be asserted at any time with the exception of a claim of hearsay which, insofar as is relevant to this appeal, is waived if it is not timely raised by motion in the trial court (see People v Casey, 95 NY2d at 360).

Defendant contends that the prosecutor's information is jurisdictionally defective because the information filed in May 2013 does not support the attempted petit larceny and attempted criminal possession of stolen property in the fifth degree charges relating to the informant's cell phone contained in the prosecutor's information, inasmuch as the factual allegations of the information do not support a finding that defendant had larcenous intent. Defendant, however, incorrectly refers to alleged deficiencies in the May 2013 information. It is the October 2013 superseding information that is the relevant accusatory instrument upon which the prosecutor's information was based. While the May 2013 information contained only one factual allegation regarding the cell phone, to wit, that the informant had observed defendant take the informant's cell phone from the informant's hand, the October 2013 superseding information includes the additional factual allegation that a police officer had recovered the informant's cell phone from defendant's person (see People v Thomas, 4 NY3d 143 [2005] [a superseding information may allege additional facts or charges that were not contained in a previously filed information if they stem from the same criminal transaction]).

Upon a review of the record, we find that the factual allegations contained in the superseding information and the supporting depositions accompanying it, establish, if true, every element of the attempted petit larceny and attempted criminal possession of stolen property in the fifth degree charges (see CPL 100.40 [1] [c]; 100.15 [3]; People v Inserra, 4 NY3d at 32; People v Dumas, 68 NY2d at 731). Moreover, we note that, for pleading purposes, the requisite mental state (i.e., intent) may be alleged on the basis of a logical implication of the act itself or upon the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; People v Bishop, 41 Misc 3d 144[A], 2013 NY Slip Op 52063[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, the prosecutor's information is not jurisdictionally defective (see CPL 100.50 [2]; 170.35 [3] [b]).

Since defendant was accused of more than one misdemeanor, and at least one of the charges was punishable by a sentence of imprisonment of more than three months, the People were required to announce their readiness for trial within 90 days of the commencement of the [*3]action (see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Defendant contends on appeal that the People should be charged with the time periods of May 28, 2013 to July 18, 2013, July 18, 2013 to October 17, 2013, October 17, 2013 to December 12, 2013, December 12, 2013 to February 11, 2014, February 11, 2014 to March 5, 2014, and April 10, 2014 to May 20, 2014. Defendant also argues that the People's off-calendar statement of readiness was illusory because they were not ready for trial on the adjourned dates after they had made their statement.

It is uncontroverted that the People are chargeable with the 33 days of delay from April 10, 2013 to May 13, 2013. Since defendant failed to argue in her motion papers, or at any other time in the motion court, that the time periods of May 28, 2013 to July 18, 2013, July 18, 2013 to October 17, 2013, and April 10, 2014 to May 20, 2014 were chargeable to the People, these issues are unpreserved for appellate review (see People v Beasley, 16 NY3d 289, 292-293 [2011]), and we decline to consider them in the interest of justice. We note that this last period was after defendant's motion had been filed on March 5, 2014 and is even beyond the date of the court's April 10, 2014 order denying the motion.

With respect to the time period of October 17, 2013 to December 12, 2013, on October 17th, the People requested a six-day adjournment because the arresting officer was on vacation. Since, in a post-readiness posture, "the prosecution is only charged with the actual number of days that it requested" (People v Hodges, 12 AD3d 527, 530 [2004]; see also People v Nielsen, 306 AD2d 500, 501 [2003]; People v Camillo, 279 AD2d 326 [2001]), only six days of delay are chargeable to the People during this period. On December 12th, the People stated that they were not ready for trial because the complaining witness was unavailable, and they requested an eight-day adjournment. For the reason stated above, only eight days of delay are chargeable to the People for the period between December 12, 2013 to February 11, 2014. With respect to the time period of February 11, 2014 to March 5, 2014, which defendant also failed to address in her motion papers, the People concede that they should be charged with seven days of delay because they had just received documents from the complaining witness and requested a week to investigate the documents.

Moreover, contrary to defendant's contention, pursuant to the Court of Appeals' decision in People v Brown (28 NY3d 392 [2016]), the People's off-calendar statement of readiness on May 13, 2013 "is presumed truthful and accurate" (id. at 405). A review of the record on appeal indicates that, in opposition to the motion, the People provided different reasons why they were not ready for trial on October 17, 2013, December 12, 2013 and February 11, 2014, respectively, each of which we find to be a "valid reason for their change in readiness status" (id.), and defendant failed to meet her "ultimate burden of demonstrating that [the] statement [of readiness was] illusory" (id.).

In view of the foregoing, as less than 90 days of delay are chargeable to the People, the Criminal Court properly denied defendant's motion to dismiss the prosecutor's information on the ground that her statutory right to a speedy trial had been violated.

Defendant's Brady contentions (see Brady v Maryland, 373 US 83 [1963]) concerning the complainant's medical records, the complainant's camcorder and the cell phone are unpreserved for appellate review since they are raised for the first time on appeal (see CPL 470.05 [2]; People v Moss, 138 AD3d 761, 762 [2016]; People v Fraser, 134 AD3d 734 [2015]; People v Thompson, 81 AD3d 670, 672 [2011], affd 22 NY3d 687 [2014]; People v Jacobs, 71 AD3d 693 [2010]), and we decline to address these contentions in the interest of justice.

At trial, the complainant testified that defendant took the complainant's cell phone from her and that defendant told her that she would return it only if the complainant gave defendant the complainant's camcorder. The police officer testified that, after she had talked to the complainant, she went over to defendant, and defendant gave the officer a cell phone which the officer then gave to the complainant. The officer further stated that she had verified, by showing the cell phone to the complainant, that the cell phone the officer had recovered from defendant was the complainant's cell phone. In addition, the complainant testified that the officer had [*4]returned the cell phone to her. The foregoing evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally sufficient to prove, beyond a reasonable doubt, defendant's guilt of attempted petit larceny and attempted criminal possession of stolen property in the fifth degree in that, with the intent to commit the crime of petit larceny by taking the complainant's cell phone in order to deprive her of the phone, defendant had engaged in conduct which tended to effect the commission of petit larceny (see Penal Law § 110.00, 155.25), and, with the intent to commit the crime of criminal possession of stolen property in the fifth degree by possessing the phone and impeding the complainant's recovery of the phone in order to benefit herself, defendant had engaged in conduct which tended to effect the commission of criminal possession of stolen property in the fifth degree (see Penal Law §§ 110.00, 165.40). In addition, upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict convicting defendant of attempted petit larceny and attempted criminal possession of stolen property in the fifth degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).

Accordingly, the judgment of conviction is affirmed.

Defendant asserts, and the People concede, that the certificate of disposition which defendant obtained from the clerk of the Criminal Court (see CPL 60.60 [1]) erroneously states that defendant pleaded guilty to assault in the third degree when, in fact, the judgment convicted defendant, after a nonjury trial, of attempted petit larceny and attempted criminal possession of stolen property in the fifth degree. Defendant, if she be so advised, may request an amended certificate from the clerk of the Criminal Court.

Weston, J.P., Aliotta and Elliot, JJ., concur.

Decision Date: April 07, 2017



Footnotes

Footnote 1: A Mapp hearing was held on May 21, 2014.