People v Herring (2020 NY Slip Op 08080)





People v Herring


2020 NY Slip Op 08080


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-06023
 (Ind. No. 1941/16)

[*1]The People of the State of New York, respondent,
v
Melvin J. Herring, appellant.


Mark Diamond, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elena Tomaro and Marion Tang
of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Martin Efman, J.), rendered November 16, 2017, convicting him of robbery in the first degree (three counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of three counts of robbery in the first degree and one count of attempted robbery in the first degree. The charges were based on four separate incidents that occurred in September 2016.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495).
Contrary to the defendant's contention, the record at the pretrial suppression hearing demonstrated that the defendant made an intelligent, knowing, and voluntary waiver of his Miranda rights (see Miranda v Arizona, 384 US 436), and that his statements to the police were not the product of coercion (see People v Mateo, 2 NY3d at 413-414; People v Bethea, 159 AD3d 710). The County Court providently exercised its discretion in denying the defendant's applications, made during the trial, to reopen the suppression hearing (see People v Velez, 39 AD3d 38, 42).
Contrary to the defendant's contention, the jury's note requesting to view a trial exhibit, which had been admitted into evidence, was ministerial in nature (see People v Swick, 158 AD3d 1131, 1132). Therefore, the note did not implicate the procedure set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278), which applies where the court receives a substantive written jury communication (see People v Nealon, 26 NY3d 152, 161).
We agree with the County Court's determination to sentence the defendant as a persistent violent felony offender (see Penal Law § 70.08[1]). We agree with the court's finding, upon the hearing record, that the defendant did not adduce proof sufficient to support his claim that his 1996 violent felony conviction was unconstitutionally obtained (see People v Moss, 138 AD3d 761, 762-763; People v Quinn, 124 AD3d 916, 916-917). The defendant was estopped from challenging the constitutionality of his 1976 and 1989 violent felony convictions because he did not challenge their constitutionality when they served as a predicate for his sentencing in connection with the 1996 conviction (see CPL 400.15[8]; 400.16[2]; People v Moss, 138 AD3d at 762-763).
The defendant's remaining contention is without merit.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court