People v Gambino (2022 NY Slip Op 07076)

People v Gambino

2022 NY Slip Op 07076

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-07246
 (Ind. No. 193/15)

[*1]The People of the State of New York, respondent,
v
Dennis Gambino, appellant.

Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J.), rendered June 10, 2019, convicting him of burglary in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of burglary in the second degree and grand larceny in the fourth degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree and grand larceny in the fourth degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The record demonstrates that the Supreme Court followed the procedures enunciated in CPL 310.30 (see People v Nealon, 26 NY3d 152, 161; People v O'Rama, 78 NY2d 270, 277-278; People v Herring, 189 AD3d 1614, 1615). Further, the jury's verdict with respect to burglary in the second degree was not repugnant (see People v France, 172 AD3d 900), and the purported repugnant verdict with respect to grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree was based upon an admitted clerical error of the foreperson in filling out the verdict sheet, which was corrected (see CPL 310.50[2]; People v DeLee, 24 NY3d 603, 610-611).
The defendant's remaining contentions are without merit.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court