People v Potomont (2024 NY Slip Op 01562)

People v Potomont

2024 NY Slip Op 01562

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2017-11872
 (Ind. No. 3185/14)

[*1]The People of the State of New York, respondent, 
v
Kareem Potomont, appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel), for respondent.
Twyla Carter, New York, NY (Svetlana M. Kornfeind of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered October 3, 2017, convicting him of assault in the first degree, attempted assault in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 19 years plus 5 years of postrelease supervision on the conviction of assault in the first degree, a determinate term of imprisonment of 5 years plus 5 five years of postrelease supervision on the conviction of attempted assault in the first degree, a determinate term of imprisonment of 5 years plus 5 years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree, and an indeterminate term of imprisonment of 2 to 6 years on the conviction of reckless endangerment in the first degree, with the sentences imposed on the convictions of assault in the first degree and criminal possession of a weapon in the second degree to run consecutively to each other and concurrently with all other sentences.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of assault in the first degree from a determinate term of imprisonment of 19 years plus 5 years of postrelease supervision to a determinate term of 15 years plus 5 years of postrelease supervision and by providing that the sentence imposed on the conviction of assault in the first degree shall run concurrently with the sentence imposed on the conviction of criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed.
At approximately 12:00 p.m., on April 14, 2014, the defendant repeatedly fired a handgun on a public street, injuring his intended victim and hitting a 13-year-old bystander's right eye, causing the bystander to lose the eye. At a jury trial, the People presented, inter alia, eyewitness testimony identifying the defendant as the shooter, video surveillance evidence depicting the crime, and the defendant's admissions to the police. The defendant was convicted of assault in the first degree of the bystander, in that "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engage[d] in conduct which create[d] a grave risk of death" (Penal Law § 120.10[3]) to the bystander, resulting in the bystander's serious injury. The defendant was convicted of attempted assault in the first degree, in that, with intent to seriously injure his intended victim, he attempted to cause such injury with a handgun (Penal Law §§ 110.00; 120.10[1]), criminal possession of a weapon in the second degree, for possession of the handgun in a place which was not his home or place of business (Penal Law § 265.03). Finally, the defendant was convicted of reckless endangerment in the first degree, in that "[u]nder circumstances evincing a depraved [*2]indifference to human life, he recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 120.25). The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt and that he acted with intent to inflict serious injury upon his intended victim and with depraved indifference to human life with respect to the injured bystander and other bystanders (see People v Wilson, 32 NY3d 1, 11; People v Suarez, 6 NY3d 202, 214; People v McMillon, 31 AD3d 136, 139). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions that the Supreme Court's treatment of notes from the jury during deliberations violated the principles enunciated in People v O'Rama (78 NY2d 270) are unpreserved for appellate review (see People v Mack, 27 NY3d 534, 542; People v Nealon, 26 NY3d 152, 162) and, in any event, without merit (see People v Miranda, 210 AD3d 803; People v Herring, 189 AD3d 1614).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court